THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELSIE ELSTON, Plaintiff in Error.

*Opinion filed December 17, 1907.*

CRIMINAL LAW—*what is not a fatal variance between the indictment and proof.* Proof that one, only, of the two defendants charged in the indictment as being the keepers of a house of ill-fame where a female under eighteen years of age was harbored was the keeper of the house will support a conviction of such defendant, and does not constitute a fatal variance from the allegations of the indictment.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

C. N. MIHIGAN, and DAILEY & MILLER, for plaintiff in error.

W. H. STEAD, Attorney General, and ROBERT SCHOLES, State's Attorney, (CLYDE E. STONE, of counsel,) for the People.

Mr. Justice Scott delivered the opinion of the court:

Elsie Elston, the plaintiff in error, and Joseph Maloof, were indicted by the grand jury of Peoria county for harboring an unmarried female under eighteen years of age in a house of prostitution, in violation of section 57d of chapter 38, Hurd's Revised Statutes of 1905. Upon trial the jury found plaintiff in error guilty, and there being no evidence against Maloof, a verdict of not guilty as to him was returned by direction of the court. The motion of Elsie Elston for a new trial having been overruled, she was sentenced to the penitentiary, and brings error.

It is first contended on her part that there is a fatal variance between the indictment and the proof. The indictment charges that she and Maloof were the keepers of a house of prostitution and that they permitted the girl in question to live in that house. The alleged variance consists in the fact that the indictment states that the house in which the girl was permitted to live was kept by both persons against whom the indictment was returned while the proof shows that Elsie Elston alone was the keeper thereof, the conclusion being that the house kept by Elsie Elston was not the same house in which the indictment charges that the girl was permitted to live. An identical question arose in *Commonwealth* v. *Brown,* 12 Gray, 135, where Brown and Peach were indicted for being common sellers of intoxicating liquors "in a building then and there used by them as a shop." At the trial the prosecutor entered a *nolle prosequi* as to Peach. Counsel for Brown asked an instruction to the effect that Brown could not be convicted without proof that the building was kept by both Brown and Peach, as alleged in the indictment. The trial judge refused that instruction, and the court of last resort held the refusal proper. We think that case should be followed here.

In passing upon an objection to evidence the court repeated an admission of fact theretofore made by counsel for

Elsie Elston, and this is assigned as error. The manner in which this was harmful has not been indicated, and we do not think that the cause of plaintiff in error was prejudiced by the repetition.

The judgment of the circuit court of Peoria county will be affirmed.

*Judgment affirmed.*